NO. 07-08-0035-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2008
_____

BRANDON LEWIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412,546; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Brandon Lewis appeals from his conviction of four counts of aggravated sexual assault. He entered open pleas of guilty and, after a trial on punishment, was sentenced to ten years confinement on each count.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2008).

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[2] brief, wherein he certifies that, after diligently searching the record, he concluded that appellant's appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated June 27, 2008, this court also notified appellant of his right to file his own response by July 28, 2008, if he wished to do so. To date, no response or request for extension of time to file a response has been received.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed several potential areas for appeal including jurisdictional defects, the voluntariness of appellant's plea, the evidence to support the guilty pleas, and error with respect to punishment. Upon his final analysis, counsel determined that no reversible error existed.[3] Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) and concluded the same.

Accordingly, the motion to withdraw is granted and the judgments are affirmed.[4]

Brian Quinn
Chief Justice

Do not publish.

---

[2]*See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Appellant was not admonished by the trial court that he would have to comply with the sex offender registration requirements. Appellate counsel concluded that the error was not reversible due to art. 26.13(h) of the Code of Criminal Procedure which provides that the failure to do so is not a ground for the defendant to set aside the conviction, sentence, or plea. TEX. CODE CRIM. PROC. ANN. art. 26.13(h) (Vernon Supp. 2007).

[4]Appellant has the right to file a *pro se* petition for discretionary review from this opinion.

2